NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS MEDINA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2246 <br><br> Agency No. <br> A206-407-725 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO, District Judge.[***]

Jesus Medina, a native and citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals (BIA) dismissing his appeal of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

order by an Immigration Judge (IJ) that denied his applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    The BIA did not err in upholding the IJ's denial of Medina's application for withholding of removal. The IJ determined that Medina's proposed social group was not cognizable because it lacks social distinction and is impermissibly defined by the harm suffered or feared. The BIA correctly concluded that Medina failed to raise any arguments directed to these issues in his appeal to the BIA. Because Medina failed to exhaust his remedies with respect to those issues, we decline to consider his arguments that the IJ erred in determining that his proposed social group was not cognizable. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1).

2.    For the denial of CAT relief, substantial evidence supports the BIA's determination that Medina failed to demonstrate a likelihood of torture with the requisite degree of state acquiescence were he to be returned to Mexico. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003); *Colin-Villavicencio v. Garland*, 108 F.4th 1103, 1115–16 (9th Cir. 2024). While Medina points to the "murder of his relatives," he has admitted that he does not know by whom or why they were killed. Substantial evidence supports the denial of the CAT claim because Medina

has not shown a "particularized risk of torture." *Colin-Villavicencio*, 108 F.4th at 1115.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.